UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 07-10085 |
| | ) | |
| MARCHELL WOOTEN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER FINDING BARBARA** |
| | ) | **BROWN-DANIELS IN CONTEMPT** |

Official Time Stamp
U.S. Bankruptcy Court
Northern District of Ohio
August 23, 2007
(4:05pm)

Barbara Brown-Daniels served as debtor's counsel in this case. The court issued an order requiring Ms. Brown-Daniels to remit the sum of $450.00 to the chapter 7 trustee and to provide a certification to the court regarding the payment. (Docket 46). Ms. Brown-Daniels failed to comply with the order and the United States Trustee asks that she be found to be in contempt based on that failure. (Docket 48). For the reasons stated below, the United States trustee's motion is granted and Ms. Brown-Daniels is found to be in contempt of court.

### JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### FACTS

On June 29, 2007, the court granted the United States trustee's motion to review fees in this case and ordered Barbara Brown-Daniels (and others) to pay the chapter 7 trustee the total sum of $450.00 within 10 days of the entry of the order (the order). The United States trustee asks the court to find Ms. Brown-Daniels in contempt based on her failure to comply with the

order. This matter was heard on August 23, 2007. Present at the hearing were: Dean Wyman for the United States trustee; Marvin Sicherman, the chapter 7 trustee; and Ms. Brown-Daniels. Ms. Brown-Daniels stated that she had mailed $450.00 to the chapter 7 trustee several days earlier. The trustee stated that he had not received the payment. Later, he filed a notice stating that the payment arrived in the morning mail, having been postmarked at about 3:00 p.m. the day before the hearing.

## **DISCUSSION**

The court's contempt powers derive from "Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders." *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001) (citations omitted). Contempt must be shown by clear and convincing evidence that the alleged contemnor violated a definite and specific court order which required the performance or the nonperformance of an act with knowledge of that court order. *Id.* at 497. "Willfulness is not an element of civil contempt and intent to disobey the order is irrelevant." *Id.* The alleged contemnor may defend by showing an inability to comply with the order. *Id.*

Based on the undisputed facts, Ms. Brown-Daniels was in contempt of the order. Ms. Brown-Daniels was served with and had knowledge of the order. The terms of the order were specific and required her to pay the sum of $450.00 to the trustee on or before July 9, 2007. Ms. Brown-Daniels did not timely make the payment to the trustee and did not make it at all until just before the August 23, 2007 hearing regarding contempt.

These facts clearly and convincingly establish that Ms. Brown-Daniels had knowledge of the court's show cause order and failed to comply with it. The court finds, therefore, that Barbara Brown-Daniels was in contempt based on her failure to comply with the order.

**CONCLUSION**

For the reasons stated, the United States trustee's motion is granted and Barbara Brown-Daniels is found to be in civil contempt based on her failure to comply with the court's order. The United States trustee's request for the imposition of sanctions is deemed moot because Ms. Brown-Daniels has now paid the funds.

IT IS SO ORDERED.

/s/ Pat E. Morgenstern-Clarren
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

3